## In re WELLS.

(Supreme Court, Appellate Division, Fourth Department.   December· 4, 1900.)

1. INSANE PERSONS—DEFECTS IN PROCEEDINGS TO APPOINT COMMITTEE—DIS-
CRETION OF COURT.
   In proceedings for the appointment of a committee for an incompetent
person, if the inquisition is sufficient to bring the case within the statute
the court should exercise its discretion in regard to affirming the in-
quisition and appointing the committee, whatever the 'defects in the
petition and affidavits.

2. SAME—INQUISITION.
   Under Statutory Construction Law, § 7 (Laws 1892, c. 677), providing
that the terms "lunatic" and "lunacy" include every kind of unsound-
ness of mind, except idiocy, a. finding of an inquisition appointed to
inquire into the mental unsoundness of a person that he "is an incom-
petent person and unfit to manage his affairs, and that such infirmity
manifests itself in weakness of mind," justifies appointment of a com-
mittee of his person and property, pursuant to the statute authorizing
appointment of a committee of the person and property of a lunatic.

Appeal from Ontario county court.

Application by Howland P. Wells for the appointment of a com-
mittee for Eugene P. Clark, an alleged incompetent person.   From
an order denying a motion to confirm the inquisition, and dismissing
the petition, (64 N. Y. Supp. 984) applicant appeals.   Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and LAUGHLIN, JJ.

Hopkins & Converse, for appellant.
· W. C. Ellis and Edwin Hicks, for respondent.

WILLIAMS, J.   The order appealed from must be reversed, and the
proceeding remitted to the Ontario county court for the exercise of
the discretion conferred upon it as to the confirmation of the in-
quisition and the appointment of a committee.   The ground upon
which the county judge decided the motion was that neither the peti-
tion and affidavits nor the inquisition was sufficient to authorize the
appointment of a committee, although he expressed the opinion that
the evidence before the jury was sufficient to authorize a finding of
lunacy.   Whatever defects there may have been in the petition and
affidavits, the proceeding having resulted in an inquisition, if such
inquisition was sufficient to bring the case within the statute, the
court should have confirmed the same and appointed the committee,
or at least have exercised the discretion conferred upon it, and should
not have dismissed the petition for defects therein.   In re Zimmer,
15 Hun, 214.   The authority of the court in these proceedings is
purely statutory.   The real scheme and purpose of the statute is to
provide for the appointment of a committee whenever the person is
incompetent to manage his affairs, to the end that his property may
be cared for and preserved.   Section 340 of the Code of Civil Pro-
cedure provides that the jurisdiction of the county court extends to
proceedings for the custody of the person and the care of the prop-
erty of persons who are incompetent to manage their affairs by rea-
son of lunacy, idiocy, or habitual drunkenness, and for the appoint-

ment of committees of the persons or property of such incompetent persons. Section 7 of the statutory construction law (chapter 677, Laws 1892) provides that "the terms lunatic and lunacy include every kind of unsoundness of mind except idiocy." The inquisition in this case found the respondent "is an incompetent person and unfit to manage his affairs; that such infirmity manifests itself in weakness of mind." The fair meaning of this finding is that the respondent was afflicted with weakness of mind to such an extent as to render himself incompetent and unfit to manage his affairs. While mere weakness of mind could not be regarded as an unsoundness, yet, if the weakness is so great as to render a person incompetent and unfit to manage his affairs, clearly such condition must be regarded as covered by the expression in the statutory construction law as "unsoundness of mind," and not amounting, in the respondent, to idiocy, it must be covered by the definition of "lunatic" and "lunacy." It is not essential that the inquisition should use the precise language of the statute. Any language which fairly brings the case within the statute is sufficient. The county judge seems to have been of the opinion that the weakness of mind must have been such as to amount to imbecility, in order to bring it within the statute, but that is not true. As said by Danforth, J., in Riggs v. Society, 95 N. Y. 511, "One may be of unsound mind, and yet be neither an idiot nor an imbecile." Our conclusion is that the inquisition, in effect, found the respondent a "lunatic," under the definition of that term by the statutory construction law, and that the court was authorized to appoint the committee.

The order must therefore be reversed, and the proceedings remitted to the Ontario county court for the exercise of the discretion conferred upon it as to the confirmation of the inquisition and the appointment of a committee; and, in case a committee is appointed, the order should direct the payment by the committee to the appellant of the costs of this appeal. All concur.